**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>AMAZON.COM SERVICES LLC; and DOES 1 through 100 inclusive<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>DEMEREE CARRASQUILLO, an individual | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br>**ELECTRONICALLY FILED**<br>3/29/2022<br>Kern County Superior Court<br>By Alejandra Velazquez, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Kern County Superior Court<br>~~1415~~ Truxtun Ave., Bakersfield CA 93301<br>1215   AV | **CASE NUMBER:**<br>*(Número del Caso):*<br>**BCV-22-100692** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ann Guleser, SBN: 210790; Employment Lawyers Group 13418 Ventura Blvd. Sherman Oaks CA 91423; (818) 783-7300

| | | | | |
|---|---|---|---|---|
| DATE:<br>*(Fecha)* 3/29/2022 | TAMARAH HARBER-PICKENS | Clerk, by<br>*(Secretario)* | *Alew* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* AMAZON.COM SERVICES LLC

    under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☒ other *(specify):*   entity form unknown
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ELECTRONICALLY FILED
3/24/2022 1:07 PM
Kern County Superior Court
By Alejandra Velazquez, Deputy

EMPLOYMENT LAWYERS GROUP
KARL GERBER, SBN: 166003
ANN GULESER, SBN: 210790
13418 Ventura Boulevard
Sherman Oaks, California 91423
Telephone:  818 783 7300
Facsimile:  818 995 7159

Attorneys for Plaintiff
DEMEREE CARRASQUILLO

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF KERN

| | |
|---|---|
| DEMEREE CARRASQUILLO, an individual )<br><br>                    Plaintiffs,<br><br>          vs.<br><br>AMAZON.COM SERVICES LLC; and DOES )<br>1 through 100 inclusive<br><br>                    Defendant.<br>_____ ) | CASE NO.: BCV-22-100692<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL BASED UPON:**<br>1. **DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTIONS 12900 ET. SEQ. (FEHA);**<br>2. **VIOLATIONS OF CALIFORNIA LABOR CODE SECTIONS 233 & 234;**<br>3. **VIOLATION OF CALIFORNIA LABOR CODE SECTIONS 246 & 246.5;**<br>4. **VIOLATIONS OF LABOR CODE SECTIONS 1102.5(b) AND (c);**<br>5. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br>6. **INTENTIONAL INFLICTION OF EMOTION DISTRESS.** |

Plaintiff, DEMEREE CARRASQUILLO complains and alleges as follows:

\\

\\

\\

# GENERAL ALLEGATIONS
## (AGAINST ALL NAMED DEFENDANTS)

1.     Plaintiff, DEMEREE CARRASQUILLO ("Plaintiff"), is a female resident of the County of Kern, State of California.

2.     Plaintiff is informed and believes that at all times herein mentioned, Defendant, AMAZON.COM SERVICES LLC ("AMAZON") employed Plaintiff, and more than 100 people at its warehouse at 1601 Petrol Rd, Bakersfield, CA 93308 which it owned, managed and operated.

3.     Plaintiff is ignorant of the true names and capacities thereto whether individual, corporate, or associate, of those Defendants fictitiously sued as DOES 1 through 100 inclusive and so Plaintiff sues them by these fictitious names.  Plaintiff is informed and believes that each of the DOE Defendant reside in the State of California and are in some manner responsible for the conduct alleged herein.  Upon discovering the true names and capacities of these fictitiously named Defendants, Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named Defendants.

4.     Unless otherwise alleged in this complaint, Plaintiff is informed, and on the basis of that information and belief, alleges that at all times herein mentioned, each of the remaining co Defendant, in doing the things hereinafter alleged, were acting within the course, scope, and under the authority of their agency, employment, or representative capacity, with the consent of her/his co Defendant

5.     Plaintiff began her employment with AMAZON in September 2020. Plaintiff was working as a storer before she was terminated on March 16, 2021.

6.     On March 9, 2021, at work, Plaintiff was dizzy, experienced shortness of breath, and felt weak. Plaintiff notified her manager Monica of her condition and asked to be seen by the onsite emergency medical technician. Manager Monica walked Plaintiff to the emergency medical technician that was onsite.  The emergency medical technician told Plaintiff they will call an ambulance because Plaintiff's heart rate was high.

7.      On March 9, 2021, Plaintiff was transferred to the Bakersfield Heart Hospital where she was examined and placed off work from March 9, 2021 to March 13, 2021. Bakersfield Heart Hospital diagnosed Plaintiff with diabetes type one and irregular heart beat and was advised to see a cardiologist as soon as possible. Plaintiff called Defendant's HR and told them she had diabetes and taken off work and was advised to see a cardiologist and her primary doctor. Plaintiff provided the doctor's note taking her off work to AMAZON.  On March 14, 2021, Plaintiff felt the same dizziness shortness of breath and fatigue she was experiencing on March 9, 2021 which caused her to be taken to the hospital. Plaintiff's condition/symptoms on March 14, 2021 were a continuation of her symptoms due to a newly discovered disability which became apparent on March 9, 2021.  Due to her medical condition, Plaintiff was unable to go to work. She didn't show up and didn't call in sick.

8.      On March 15, 2021, Plaintiff was seen by a cardiologist who diagnosed her with sinus tachycardia, uncontrolled diabetes, and found she was experiencing irregular heartbeat. Plaintiff's physician specifically wrote said findings on a doctor's note and prescribed Plaintiff to be off work from March 15, 2021, to April 5, 2021. Plaintiff emailed said doctor's note to AMAZON'S HR on March 15, 2021.

9.      Plaintiff has a physical disability of Diabetes Type One that limits Plaintiff's major life activities such as working and socializing, and is therefore a physical disability under California Government Code Section 12926. California Government Code Section 12926 (m)(1) (A) and (m)(1) (B) states that "Physical disability" includes, but is not limited to, having any physiological disease, disorder, or condition that affects body's endocrine system and limits a major life activity. Working is a major life activity.

10.     On or about March 17, 2021, Plaintiff was notified that AMAZON terminated her on March 16, 2021 for job abandonment. On or about March 17, 2021, Plaintiff called AMAZON to ask why she was terminated and explained the reason for her absences which were reflected in the doctors' findings. Plaintiff stated she provided AMAZON with the doctors' notes. AMAZON HR admitted they had Plaintiff's doctors' notes. Plaintiff stated she just found out she had uncontrolled diabetes and did not want to be fired because of her disability. Plaintiff was not reinstated to her job at AMAZON.

11.     Plaintiff asked for disability leave from March 9-13, 2021, and from March 14-April 5, 2021 for which she was entitled. Plaintiff was absent for one day off in between the leave request because of continuation of her systems. Plaintiff was entitled to a sick day, PTO, or disability leave to cover her absence on March 14, 2021 for the continuation of the same condition/ disability. At her termination on March 16, 2021, Plaintiff had 9.21 hours of earned personal time and 22.24 hours of earned vacation time available.

12.     Asking for disability leave and one PTO/sick day off because of disability was a substantial motivating factor in Defendant's reason to terminate Plaintiff.  Plaintiff was fired in retaliation for being disabled needing special accommodations, and needing to take disability leave to heal.

13.     All of the foregoing and following actions taken towards Plaintiff that are alleged in this complaint were carried out by managerial employees and agents of each other acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage Plaintiff.

## FIRST CAUSE OF ACTION
## DISCRIMINATION BASED ON DISABILITY
## IN VIOLATION OF CALIFORNIA GOVERNMENT CODE SECTIONS 12900 ET. SEQ.
## (AGAINST DEFENDANT AMAZON, AND ALL DOE DEFENDANTS)

14.     Plaintiff realleges the information set forth in Paragraphs 1-13 of the General Allegations, and by this reference hereby incorporates these paragraphs into this cause of action as if they were fully alleged herein.

15.     Plaintiff has exhausted her administrative remedies under the California Fair Employment and Housing Act.  On December 27, 2021, Plaintiff filed charges of disability discrimination, including needing a disability leave as special accommodations, failure to accommodate disability, failure to engage in an interactive dialog, retaliation, failure to rehire, and failure to reconsider decision to terminate once they were on clear notice the absences were due to a disability against Defendant AMAZON.  A true and correct copy of said charges has been attached hereto, made a part hereof, and marked as Exhibit 1.  On December 27, 2021, the

Department of Fair Housing and Employment issued the Notice of Case Closure/Right-to-Sue Letter, allowing Plaintiff to sue said Defendant, a true and correct copy of which has been attached hereto, made a part hereof, and Marked as Exhibit 1.

16.     Plaintiff had a disability of diabetes and needed the special accommodations of disability leave to heal.  On or about March 16, 2021, Defendant terminated Plaintiff's employment because Plaintiff needed the special accommodation of time off to heal from March 9, 2021 to April 5, 2021 as alleged in Paragraphs 6-12.

17.     This cause of action is based upon:

      a.   California Government Code Section 12940(a), which prohibits employers from discriminating against their employees because of their employee's physical disability, for terminating Plaintiff in discrimination of her disability and taking a disability leave;

      b.   Government Code section 12926 (m) provides that physical disability, and medical condition, includes a perception that the person has any of those characteristics;

      c.   California Regulations, Title 2, Section 11065 (d) (2) which defines physical disabilities as a disorder affecting one or more of the body's major life activities;

      d.   California Regulations, Title 2, Section 11065 (l) which defines "major life activities" to include caring for one's self, performing manual tasks, walking and working;

      e.   California Government Code Section 12926 (m)(B)(iii) which defines "major life activities" to include physical, mental, and social activities and working.

      f.   California Government Code Section 12926 (m)(3) which defines a "physical disability" to include having a record or history of a disease, condition, or health impairment as defined in section (m)(1) or (2), which is known to the employer;

      g.   California Government Code Section 12926 (m)(1) (A) and (m)(1) (B) which states that "Physical disability" includes, but is not limited to, all of the following: Having any physiological disease, disorder, condition, or anatomical loss that affects body's neurological system, musculoskeletal system, or cardiovascular system;

h.  California Government Code Section 12926 (m)(1) (B) (ii) which states that a physiological disease, disorder, condition, or anatomical loss limits a major life activity if it makes the achievement of the major life activity difficult;

i.  California Government Code Section 12940(h) which prohibits supervisors and employers from retaliating against employees when employees do not put up with statutorily prohibited conduct and exercise their rights under the Fair Employment and Housing Act for terminating Plaintiff in retaliation for taking a disability leave;

j.  California Government Code Section 12940(m), which makes it unlawful for an employer to fail to make special accommodations for the known physical disability of an employee for terminating Plaintiff and refusing to provide Plaintiff disability leave and refusing to engage in an interactive dialogue to figure out whether Plaintiff would need any special accommodations to accommodate her disability;

k.  California Government Code Sections 12900, 12921, 12926, 12926(h)(2), 12926(h)(1), 12926(i)(1), 12965.

18.    Plaintiff alleges that the code sections enumerated above were violated because Defendant terminated Plaintiff in discrimination for her disability and in retaliation for taking a disability leave in violation of the California Government Code Sections 12940(a) and 12940 (h). Defendant violated Government Code Sections 12940 et seq. by intentionally and maliciously terminating Plaintiff even though she applied to take a protected leave generally violating Government Code Sections 12940 et seq. Plaintiff alleges that Defendant's blatant disregard for the laws enumerated in the above paragraph allows Plaintiff to recover punitive damages in an amount to be determined at trial.

19.    At all times relevant herein, Plaintiff performed her duties as an employee of defendant in a competent, successful, and professional manner. Plaintiff is informed, believes, and thereon alleges that Plaintiff was not fired for any reason related to her work performance. Plaintiff alleges her termination was based upon her physical disability and need for special accommodations. Plaintiff alleges that despite her physical disability, she could still perform the essential functions of her job with Defendant, with special accommodations.

20.     As a direct, foreseeable, and proximate result of the conduct of said Defendant, the Plaintiff has suffered, and continues to suffer severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits which she would have received from said Defendant, plus expenses incurred in obtaining substitute employment and not being regularly employed for months, being without a source of income and medical insurance during her employment all to her damage in a sum within the jurisdiction of this court, to be ascertain according to proof. Plaintiff also prays for all equitable relief awardable pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

21.     Defendant acted in a grossly reckless, and/or intentional, malicious, and bad faith manner when they willfully violated the statutes enumerated in this cause of action and retaliated against the Plaintiff for refusing to comply with their willful violations of the above referenced statutes and terminating the Plaintiff in violation of the law.

22.     The Plaintiff is entitled to punitive damages against said Defendant, and each of them, in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high enough to punish said Defendant, deter them from engaging in such conduct again, and to make an example of them to others.

23.     The Plaintiff also prays for reasonable costs and attorney fees and costs against said Defendants named in this cause of action, as allowed by California Government Code Section 12965 for the Plaintiff's prosecution of this action in reference to the time the Plaintiff's attorneys spend pursuing this cause of action.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF CALIFORNIA LABOR CODE SECTIONS 233, 234, 246 & 246.5
### (AGAINST DEFENDANT AMAZON, AND ALL DOE DEFENDANTS)

24.     Plaintiff realleges the information set forth in Paragraphs 1 through 13 of the General Allegations and Paragraphs 14-23 of the First Cause of Action, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

25.     This cause of action is based upon California Labor Code Section 233(a) which provides that an employer who provides sick leave for employees shall permit an employee to use in any calendar

year the employee's accrued and available sick leave entitlement, the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement, for the employee's diagnosis, care, or treatment of an existing health condition.  California Labor Code Section 233(c) also prohibits an employer from denying an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave because of her illness.

26.     This cause of action is also based upon California Labor Code Section 234 which provides that an employer absence control policy that counts sick leave taken pursuant to California Labor Section 233 as an absence that may lead to or result in discipline, discharge, demotion, or suspension is a per se violation of California Labor Code Section 233.

27.     California Labor Code Section 246 states an employee who works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified in Labor Code Section 246.  Plaintiff worked for Defendant AMAZON for more than five months and accrued sick leave working for Defendant.

28.     Defendant's conduct described herein violates California Labor Code Section 246.5(a)(1) which states an employer shall provide paid sick days for the diagnosis, care, or treatment of an existing health condition of an employee. Defendant's conduct violates the California Labor Code Section 246.5(c)(1) which states an employer shall not deny an employee the right to use accrued sick days, discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using accrued sick days, or attempting to exercise the right to use accrued sick days for the care and treatment of an existing health condition.  Further, there is a rebuttable presumption of unlawful retaliation against an employee who is discharged, suspended, demoted, or is discriminated against in any other way within thirty (30) days of the employee opposing any policy or practice of the employer which contravenes or is prohibited by California's sick leave laws, including but not limited to, Labor Code Section 246.5.

29.     Plaintiff needed to take one sick day on March 14, 2021, due to her disability of diabetes type one and irregular heartbeat. Plaintiff was off on a disability leave from March 9-13, 2021. Plaintiff was unable to go to work on the 14th because she was still suffering from the symptoms of her disability. On March 15, 2021, Plaintiff gave Defendant a doctor's note taking her out of

work based on her disability from March 15, 2021 to April 5, 2021. Defendant fired Plaintiff for job abandonment on March 16, 2021. At her termination on March 16, 2021, Plaintiff had 9.21 hours of earned personal time and 22.24 hours of earned vacation time available. Defendant willfully violated the Labor Code Sections 233, 234, 246, and 246.5 because Defendant knew Plaintiff was taken to the hospital from work on an ambulance on March 9, 2021, and ignored that she had a disability and her day off on the 14th was due to her continuing disability symptoms. Defendant refused to count March 14, 2021 as a PTO, a personal day, or a sick say excusing Plaintiff's absence, and refused to reinstate Plaintiff after her disability ended on April 6, 2021. Taking or needing one sick day off because of Plaintiff's disability was substantial motivating factors for Defendant's decision to terminate Plaintiff.

30.     As a direct, foreseeable, and proximate result of the actions of Defendant AMAZON, the Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits Plaintiff would have received from said Defendant plus expenses incurred in obtaining substitute employment and not being regularly employed for months, as well as financial losses, all to the Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

31.     The malicious, oppressive, fraudulent, and bad faith manner in which said Defendant conducted themselves as described in this cause of action by willfully violating those statutes enumerated in this cause of action, Plaintiff prays for punitive damages against said Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter them from engaging in such conduct again, and to make an example of them to others.

32.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of Defendant AMAZON described above, was done with oppression, fraud, and malice, by the Plaintiff's supervisors and Defendant's owners and managers and was ratified by those other individuals who were managing agents of the Defendant employers. These unlawful acts were further ratified by the named Defendant and all DOE Defendants, and done with a conscious disregard for the Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendants, and

each of them, for their acts as described in this cause of action in a sum to be determined at the time of trial.

33.    Plaintiff also seeks an award of attorney's fees as provided by statute under Labor Code Section 233(e) for pursuing this cause of action against the Defendants.

**THIRD CAUSE OF ACTION**

**VIOLATIONS OF LABOR CODE SECTIONS 1102.5(b) AND (c)**

**(AGAINST DEFENDANT AMAZON, AND ALL DOE DEFENDANTS)**

34.    Plaintiff realleges the information set forth in Paragraphs 1 through 13 of the General Allegations and Paragraphs 14-23 of the First Cause of Action, and Paragraphs 24-33 of the Second Cause of Action, and hereby incorporates these paragraphs as though fully set forth and alleged herein.

35.    This cause of action is under the Labor Code Section 1102.5(b) which states that an employer shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.  Plaintiff alleges that she was terminated in retaliation for being disabled, asserting her right to special accommodation of taking time off to heal, and needing a medical leave to deal with her disability as alleged in Paragraphs 6-12, and the First and the Second Causes of Action in violation of California Labor Code Section 1102.5(b).

36.    This cause of action is under the Labor Code Section 1102.5(c) which prohibits retaliation of an employee who refuses to participate in an activity that would violate a statute. Plaintiff alleges that she was terminated in retaliation for being disabled, asserting her right to special accommodation of taking time off to heal, and needing a medical leave to deal with her disability

10

COMPLAINT

as alleged in Paragraphs 6-12, and the First and the Second Causes of Action in violation of California Labor Code Section 1102.5(c).

37.     Plaintiff is informed, believes, and based thereon, alleges that said Defendant terminated her employment in violation of the Labor Code Sections 1102.5(b), and 1102.5(c) in retaliation for invoking her right to special accommodations because of her disability as alleged in Paragraphs 6-12, and the First Cause of Action, which violates the following public policies:

a.   California Government Code Section 12940(a), which prohibits employers from discriminating against their employees because of their employee's physical disability, for terminating Plaintiff in discrimination of her disability and taking a disability leave;

b.   Government Code section 12926 (m) provides that physical disability, and medical condition, includes a perception that the person has any of those characteristics;

c.   California Regulations, Title 2, Section 11065 (d) (2) which defines physical disabilities as a disorder affecting one or more of the body's major life activities;

d.   California Regulations, Title 2, Section 11065 (l) which defines "major life activities" to include caring for one's self, performing manual tasks, walking and working;

e.   California Government Code Section 12926 (m)(B)(iii) which defines "major life activities" to include physical, mental, and social activities and working.

f.   California Government Code Section 12926 (m)(3) which defines a "physical disability" to include having a record or history of a disease, condition, or health impairment as defined in section (m)(1) or (2), which is known to the employer;

g.   California Government Code Section 12926 (m)(1) (A) and (m)(1) (B) which states that "Physical disability" includes, but is not limited to, all of the following: Having any physiological disease, disorder, condition, or anatomical loss that affects body's neurological system, musculoskeletal system, or cardiovascular system;

h. California Government Code Section 12926 (m)(1) (B) (ii) which states that a physiological disease, disorder, condition, or anatomical loss limits a major life activity if it makes the achievement of the major life activity difficult;

i. California Government Code Section 12940(h) which prohibits supervisors and employers from retaliating against employees when employees do not put up with statutorily prohibited conduct and exercise their rights under the Fair Employment and Housing Act for terminating Plaintiff in retaliation for taking a disability leave;

j. California Government Code Section 12940(m), which makes it unlawful for an employer to fail to make special accommodations for the known physical disability of an employee for terminating Plaintiff and refusing to provide Plaintiff disability leave and refusing to engage in an interactive dialogue to figure out whether Plaintiff would need any special accommodations to accommodate her disability;

k. California Government Code Sections 12900, 12921, 12926, 12926(h)(2), 12926(h)(1), 12926(i)(1), 12965;

l. California Labor Code Section 1102.5(b) which states that an employer shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties;

m. California Labor Code Section 1102.5(c) which prohibits retaliation of an employee who refuses to participate in an activity that would violate a statute;

n. California Labor Code Section 233(a) which provides that an employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, the employee's

accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement, for the employee's diagnosis, care, or treatment of an existing health condition;

o.  California Labor Code Section 233(c) which prohibits an employer from denying an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave because of her illness;

p.  California Labor Code Section 234 which provides that an employer absence control policy that counts sick leave taken pursuant to California Labor Section 233 as an absence that may lead to or result in discipline, discharge, demotion, or suspension is a per se violation of California Labor Code Section 233;

q.  California Labor Code Section 246 which states an employee who works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified in Labor Code Section 246;

r.  California Labor Code Section 246.5(a)(1) which states an employer shall provide paid sick days for the diagnosis, care, or treatment of an existing health condition of an employee;

s.  California Labor Code Section 246.5(c)(1) which states an employer shall not deny an employee the right to use accrued sick days, discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using accrued sick days, or attempting to exercise the right to use accrued sick days for the care and treatment of an existing health condition;

t.  All other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large, and which discovery will reveal were violated by all named and DOE Defendants by discriminating and retaliating against Plaintiff, and firing Plaintiff.

38.  Defendant's actions, alleged in this cause of action, directly and proximately resulted in Plaintiff suffering and continuing to suffer, extreme and severe anguish, humiliation,

embarrassment, emotional distress, mental suffering, nervousness, tension, anxiety, and depression, and causing Plaintiff to incur future medical bills, all to Plaintiff's detriment in a sum within the jurisdiction of this court, to be ascertained according to proof.

39.     As a direct, foreseeable, and proximate result of the conduct of Defendant, named in this cause of action, Plaintiff has suffered, and continues to suffer emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits which she would have received from said Defendant, plus expenses incurred in obtaining substitute employment and not being regularly employed for months, being without a source of income and benefits all to Plaintiff's damage in a sum within the jurisdiction of this court, to be ascertained according to proof.

40.     The grossly reckless, and/or intentional, malicious, and bad faith manner in which said Defendant engaged in those acts as described in this cause of action by willfully violating the statutes enumerated in this cause of action and retaliating against Plaintiff by terminating Plaintiff in violation of the law, Plaintiff is entitled to punitive damages against said Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendant, deter them from engaging in such conduct again, and to make an example of them to others.

41.     Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendant described above were done with oppression and malice by Plaintiff's supervisor and managers and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff.  These unlawful acts were ratified by those other individuals who were managing agents of said Defendant employers.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendant, for their acts as described in this cause of action in a sum to be determined at the time of trial.

42.     Plaintiff prays for the $10,000 civil penalty that Labor Code Section 1102.5(e) imposes, as well as all other remedies available under Labor Code Section 1102.5 against each Defendant.

43.     Plaintiff prays for a reasonable award of reasonable attorney's fees under California Labor Code section 1102.5(j).

## FOURTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
## (AGAINST DEFENDANT AMAZON, AND ALL DOE DEFENDANTS)

44.     Plaintiff realleges the information set forth in Paragraphs 1 through 13 of the General Allegations and Paragraphs 14-23 of the First Cause of Action, and Paragraphs 24-33 of the Second Cause of Action, and Paragraphs 34-43 of the Third Cause of Action and hereby incorporates these paragraphs as though fully set forth and alleged herein.

45.     Under California law, no employee, whether they are an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy.  In recent years, the California court has interpreted a fundamental public policy to be any articulable constitutional, statutory provision, or regulation that is concerned with a matter effecting society at large rather than a purely personal or proprietary interest of the employee or the employer.  Moreover, the public policy must be fundamental, substantial, and well established at the time of discharge.

46.     Plaintiff is informed, believes, and based thereon, alleges that Defendant terminated her in retaliation for being disabled, asserting her right to special accommodation of taking time off to heal, and needing a medical leave to deal with her disability as alleged in Paragraphs 6-12, the First through the Fourth Causes of Action. Defendant's conduct described in the above sentence violates the following statutes that effect society at large:

       a.  California Government Code Section 12940(a), which prohibits employers from discriminating against their employees because of their employee's physical disability, for terminating Plaintiff in discrimination of her disability and taking a disability leave;

       b.  Government Code section 12926 (m) provides that physical disability, and medical condition, includes a perception that the person has any of those characteristics;

       c.  California Regulations, Title 2, Section 11065 (d) (2) which defines physical disabilities as a disorder affecting one or more of the body's major life activities;

d.  California Regulations, Title 2, Section 11065 (l) which defines "major life activities" to include caring for one's self, performing manual tasks, walking and working;

e.  California Government Code Section 12926 (m)(B)(iii) which defines "major life activities" to include physical, mental, and social activities and working.

f.  California Government Code Section 12926 (m)(3) which defines a "physical disability" to include having a record or history of a disease, condition, or health impairment as defined in section (m)(1) or (2), which is known to the employer;

g.  California Government Code Section 12926 (m)(1) (A) and (m)(1) (B) which states that "Physical disability" includes, but is not limited to, all of the following: Having any physiological disease, disorder, condition, or anatomical loss that affects body's neurological system, musculoskeletal system, or cardiovascular system;

h.  California Government Code Section 12926 (m)(1) (B) (ii) which states that a physiological disease, disorder, condition, or anatomical loss limits a major life activity if it makes the achievement of the major life activity difficult;

i.  California Government Code Section 12940(h) which prohibits supervisors and employers from retaliating against employees when employees do not put up with statutorily prohibited conduct and exercise their rights under the Fair Employment and Housing Act for terminating Plaintiff in retaliation for taking a disability leave;

j.  California Government Code Section 12940(m), which makes it unlawful for an employer to fail to make special accommodations for the known physical disability of an employee for terminating Plaintiff and refusing to provide Plaintiff disability leave and refusing to engage in an interactive dialogue to figure out whether Plaintiff would need any special accommodations to accommodate her disability;

k.  California Government Code Sections 12900, 12921, 12926, 12926(h)(2), 12926(h)(1), 12926(i)(1), 12965;

l.  California Labor Code Section 1102.5(b) which states that an employer shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties;

m.  California Labor Code Section 1102.5(c) which prohibits retaliation of an employee who refuses to participate in an activity that would violate a statute;

n.  California Labor Code Section 233(a) which provides that an employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement, for the employee's diagnosis, care, or treatment of an existing health condition;

o.  California Labor Code Section 233(c) which prohibits an employer from denying an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave because of her illness;

p.  California Labor Code Section 234 which provides that an employer absence control policy that counts sick leave taken pursuant to California Labor Section 233 as an absence that may lead to or result in discipline, discharge, demotion, or suspension is a per se violation of California Labor Code Section 233;

q.  California Labor Code Section 246 which states an employee who works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days as specified in Labor Code Section 246;

r.  California Labor Code Section 246.5(a)(1) which states an employer shall provide paid sick days for the diagnosis, care, or treatment of an existing health condition of an employee;

s.  California Labor Code Section 246.5(c)(1) which states an employer shall not deny an employee the right to use accrued sick days, discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using accrued sick days, or attempting to exercise the right to use accrued sick days for the care and treatment of an existing health condition;

t.  All other state and federal statutes, regulations, administrative orders, and ordinances which effect society at large, and which discovery will reveal were violated by all named and DOE Defendants by discriminating and retaliating against Plaintiff, and firing Plaintiff.

47.  Plaintiff alleges that said Defendant, and all DOE Defendants, violated articulable public policies, affecting society at large, by violating the statutes as described in the above Paragraph, when said Defendant terminated and retaliated against Plaintiff in violation of public policy by terminating Plaintiff for the reasons stated in the above paragraph.

48.  Specifically, Plaintiff alleges that said Defendant's violations of the above referred statutes affect society at large because they affect the health and safety of workers.

49.  As a direct, foreseeable, and proximate result of the actions of said Defendant, and each of their acts as described in this cause of action, Plaintiff has suffered, and continues to suffer, severe emotional distress, substantial losses in salary, bonuses, job benefits, and other employment benefits she would have received from said Defendant plus expenses incurred in obtaining substitute employment and not being regularly employed for months, as well as financial losses, all to Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

50.  The grossly reckless and/or intentional, malicious, and bad faith manner in which said defendant conducted itself as described in this cause of action by willfully violating those statutes enumerated in this Cause of Action, Plaintiff prays for punitive damages against said Defendant in an amount within the jurisdiction of this court, to be ascertained by the fact finder,

that is sufficiently high to punish said Defendant, deter them from engaging in such conduct again, and to make an example of them to others.

51.    Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of said Defendant described above, in this cause of action, was done with oppression, and malice, by Plaintiff's supervisor and manager and was ratified by those other individuals who were managing agents of the Defendant employer. These unlawful acts were further ratified by the Defendant employer and done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against said Defendant for their acts as described in this cause of action in a sum to be determined at the time of trial.

## FIFTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST DEFENDANT AMAZON, AND ALL DOE DEFENDANTS)

52.    Plaintiff realleges the information set forth in Paragraphs 1 through 13 of the General Allegations and Paragraphs 14-23 of the First Cause of Action, and Paragraphs 24-33 of the Second Cause of Action, and Paragraphs 34-43 of the Third Cause of Action, Paragraphs 44-51 of the Fourth Cause of Action above, and incorporates these paragraphs into this cause of action as if they were fully alleged herein.

53.    Defendant acted intentionally and/or recklessly and subjected Plaintiff to severe emotional distress by doing the outrageous acts alleged to have been done by said Defendant throughout this complaint by terminating Plaintiff's employment in violation of public policy as the first four causes of action indicate.

54.    Defendant terminated Plaintiff in violation of public policy, and FEHA, by retaliating against and discriminating against her. Defendant retaliate and discriminated against Plaintiff by terminating her because she had a disability and needed time to heal from the symptoms of her disability from March 9, 2021 to April 5, 2021. Plaintiff's disability of diabetes type one necessitated her to take the FEHA special accommodations of medical leave to heal.

55.    Defendant terminated Plaintiff on or about March 16, 2021, in retaliation for being disabled, and asserting her right to special accommodation of taking time off to heal, as alleged in Paragraphs 6-12, and the First, through the Fourth Causes of Action.

56.    In doing the acts herein alleged that form the First through the Third Causes of Action, Defendant acted outrageously with the intent of causing (or with reckless disregard of the probability of causing) severe emotional distress to Plaintiff. Specifically, it was outrageous to:

      a.    Terminate Plaintiff in discrimination for having the disability;

      b.    Terminate Plaintiff in retaliation for needing special accommodations;

57.    Defendant's actions, alleged in this cause of action, directly and proximately resulted in Plaintiff suffering and continuing to suffer, extreme and severe anguish, humiliation, embarrassment, emotional distress, mental suffering, nervousness, tension, anxiety, and depression, and causing Plaintiff to incur future medical bills, all to Plaintiff's detriment in a sum within the jurisdiction of this court, to be ascertained according to proof.

58.    As a direct, foreseeable, and proximate result of said Defendant's actions, and each of their actions alleged in this cause of action, Plaintiff has suffered, and continues to suffer, substantial losses in job opportunities, career losses, salary, bonuses, job benefits, and other employment benefits she would have received had said Defendant's actions, and each of their actions, not caused her such emotional suffering and grief, all to Plaintiff's damage, in a sum within the jurisdiction of this court, to be ascertained according to proof.

59.    As a direct, foreseeable, and proximate result of said Defendant's actions, and each of their actions as alleged in this cause of action, which were intentional, malicious, oppressive, and made in a bad faith manner in an attempt to vex, injure, annoy, and/or willfully and consciously disregard Plaintiff's rights by taking the actions alleged in this cause of action, Plaintiff prays for punitive damages against said Defendant in a sum within the jurisdiction of this court, to be ascertained, according to proof, in a sufficiently large amount to punish said Defendant, deter future conduct by said Defendant and others behaving like them, and to make an example of said Defendant.

WHEREFORE, Plaintiff prays for the following relief, to be determined by a jury as follows:

<u>For All Causes of Action</u>:

1.   For general damages in an amount according to proof, but in excess of the minimum jurisdiction of this court;

2.   For special damages in an amount according to proof, but in the excess of the minimum jurisdiction of this court, in order to compensate Plaintiff for her loss of past and future earnings, and all damages flowing from Plaintiff's loss of earnings, loss of job security, failure to properly advance within her career, and damage to her reputation;

3.   For all costs and disbursements incurred in this suit;

4.   For such other and further relief as the Court deems just and proper;

5.   For all interest as allowed by law;

6.   For all general and special damages in an amount according to proof, but in the excess of the minimum jurisdiction of this court, in order to compensate Plaintiff for any medical expenses and suffering;

<u>For the First Cause of Action</u>:

7.   For reasonable attorney's fees and costs, as allowed by law under Section 12965 of the California Fair Employment and Housing Act, for the time that Plaintiff's attorney spends pursuing this cause of action, and for costs;

8.   For all equitable relief awardable pursuant to *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203;

<u>For the Second Cause of Action</u>:

9.   For all legal and equitable relief provided for by the Labor Code in order to compensate the Plaintiff for loss of past and future earnings, and all damages flowing from the Plaintiff's loss of earnings, loss of job security, failure to properly advance within Plaintiff's career, and damage to Plaintiff's reputation;

10.  For an award of attorneys' fees as provided by Labor Code Section 233(e) for the time that the Plaintiff's attorneys spend pursuing this cause of action;

<u>For the Third Cause of Action:</u>

9.   For the California Labor Code 1102.5 penalty and burden of proof articulated in California Labor Code Section 1102.6;

10.  For the California Labor Code Section 1102.5 penalties of $10,000.00;

11.  A reasonable award of reasonable attorney's fees under California Labor Code section 1102.5(j).


Dated: December 29, 2021                          EMPLOYMENT LAWYERS GROUP

                                        By: _____
                                             Karl Gerber
                                             Ann Guleser
                                             ATTORNEYS FOR PLAINTIFF,
                                             DEMEREE CARRASQUILLO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency        GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

Ann Guleser
13418 Ventura Blvd.
Sherman Oaks, CA 91423

RE: **Notice to Complainant's Attorney**
DFEH Matter Number: 202112-15716023
Right to Sue: CARRASQUILLO / AMAZON.COM SERVICES LLC

Dear Ann Guleser:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer. You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint. This is not a new Right to Sue letter. The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH. (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

DFEH-ENF 80 RS

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

2

3

4

**In the Matter of the Complaint of**

5

DEMEREE CARRASQUILLO                                DFEH No. 202112-15716023

6

Complainant,

7

vs.

8

AMAZON.COM SERVICES LLC
1601 Petrol Rd.

9

Bakersfield, CA 93308

10

Respondents

11

_____

12

**1.** Respondent **AMAZON.COM SERVICES LLC** is an **employer** subject to suit under the

13

California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

14

15

**2**. Complainant **DEMEREE CARRASQUILLO**, resides in the City of , State of .

16

17

**3**. Complainant alleges that on or about **March 16, 2021**, respondent took the following adverse actions:

18

**Complainant was discriminated against** because of complainant's disability (physical or

19

mental), medical condition (cancer or genetic characteristic) and as a result of the discrimination was terminated, denied hire or promotion, denied reasonable accommodation

20

for a disability.

21

**Complainant experienced retaliation** because complainant requested or used a disability-

22

related accommodation and as a result was terminated, denied hire or promotion, denied reasonable accommodation for a disability.

23

**Additional Complaint Details:** Demeree Carrasquillo has a disability of Diabetes Type 1

24

and irregular heartbeat. She asked for a special accommodation of time off to heal. She provided doctors' notes to be off except for one day. She was terminated for job

25

abandonment and was not reinstated despite her doctors' notes excusing her from work due

26

-1-

*Complaint – DFEH No. 202112-15716023*

27

Date Filed: December 23, 2021

28

Date Amended: December 27, 2021

DFEH-ENF 80 RS

1  to diabetes and cardiology condition. Carrasquillo's absence was due to the continuation of
her disability which Amazon knew. Amazon refused to rehire, and reconsider decision to
2  terminate once they were on clear notice the absences were due to a disability. Carrasquillo
was subject to disability discrimination, including needing a disability leave as special
3  accommodations, failure to accommodate disability, failure to engage in an interactive
dialog, retaliation, failure to rehire, and failure to reconsider decision to terminate once they
4  were on clear notice the absences were due to a disability.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                        -2-
                        *Complaint – DFEH No. 202112-15716023*
27
Date Filed: December 23, 2021
28  Date Amended: December 27, 2021

                                                              DFEH-ENF 80 RS

1  VERIFICATION

2  I, **Ann Guleser**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof.  The matters alleged are based
   on information and belief, which I believe to be true.
4
   On December 23, 2021, I declare under penalty of perjury under the laws of the State
5  of California that the foregoing is true and correct.

6                                                                **Sherman Oaks, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                    -3-
                      *Complaint – DFEH No. 202112-15716023*
27
   Date Filed: December 23, 2021
28 Date Amended: December 27, 2021

                                                        DFEH-ENF 80 RS

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Employment Lawyers Group Karl Gerber, SBN: 166003 Ann Guleser, SBN: 210790<br>13418 Ventura Boulevard, Sherman Oaks, California 91423<br><br>TELEPHONE NO.: 818 783 7300   FAX NO. *(Optional)*: 818 995 7159<br>E-MAIL ADDRESS: aguleser@emplaw.net<br>ATTORNEY FOR *(Name)*: Plaintiff DEMEREE CARRASQUILLO | *FOR COURT USE ONLY*<br>**ELECTRONICALLY FILED**<br>3/24/2022 1:07 PM<br>Kern County Superior Court<br>By Alejandra Velazquez, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN**
STREET ADDRESS: 1415 Truxtun Ave,
MAILING ADDRESS: 1215 AV
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Bakersfield

CASE NAME:
CARRASQUILLO v. AMAZON.COM SERVICES LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>BCV-22-100692 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* 5
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 3/24/2022
Ann GUleser
_____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | | Clear this form |